IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JORDAN O. HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 21-857 (MN) |
| | ) |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

At Wilmington, this 18th day of January 2022:

Presently pending before the Court is Petitioner Jordan O. Harris's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 2017 conviction for possession of a firearm by a person prohibited. (D.I. 2 at 1). Petitioner states that his post-conviction appeal is still pending before the Delaware Supreme Court. (D.I. 2 at 8, 11).

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Given Petitioner's admission that his post-conviction appeal is still pending in the Delaware courts, the Court concludes that Petitioner has not yet exhausted state remedies for his Petition.

THEREFORE, IT IS HEREBY ORDERED that:

1. Petitioner Jordan O. Harris's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (D.I. 2) is **DISMISSED WITHOUT PREJUDICE** in order to permit Petitioner an opportunity to exhaust his state court remedies.[1]

2. Petitioner's Motion for Leave to Proceed In Forma Pauperis (D.I. 1) and his Motion to Appoint Counsel (D.I. 4) are **DENIED AS MOOT**.

3. The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

4. The Clerk shall send a copy of this Memorandum Order to Petitioner at his address on record and close this case.

                                                */s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.